**SO ORDERED.**

**SIGNED this 22 day of April, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

JULIA R. MCARTHUR,                              CASE NO. 10-00070-8-JRL
                                                                   Chapter 13
        DEBTOR.

### ORDER

This case is before the court on the debtor's motion for sanctions against Don Underhill d/b/a AHL Investment Properties for willful violation of the automatic stay. On April 14, 2010, the court conducted a hearing on this matter in Raleigh, North Carolina.

The debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 6, 2010. Don Underhill ("Underhill"), owner of AHL Investment Properties ("AHL"), an unincorporated business entity, was listed as a creditor on the debtor's bankruptcy schedules. Underhill is the debtor's landlord under an unexpired residential lease; the debtor's schedules indicate her intent to reaffirm the lease. At the time of filing, the debtor had not paid rent for the month of January. Shortly after receiving notice of the debtor's bankruptcy filing, Underhill contacted the debtor's counsel and was informed of the debtor's intent to reaffirm the lease and cure the arrearage. When the rent was not paid by January 29, 2010, Underhill filed suit in the name of AHL against the debtor in the Wake County District Court for one month of past due

rent.  Counsel for the debtor attempted to contact Underhill by phone and by certified mail to resolve the issue, but the calls were not returned and the certified letter was not accepted.  On February 22, 2010, AHL accepted payment of rent due for January and February.  However, Underhill did not withdraw the complaint and remained unresponsive, which caused the debtor's counsel to file a motion to dismiss the Wake County District Court case.[1]  At hearing, Underhill testified that he had knowledge of the debtor's bankruptcy and the automatic stay when he filed the complaint, but he was under the impression that the lease "shouldn't have been in the bankruptcy and would be taken out."  Underhill also admitted that he was aware of the attempts to contact him and that he did not return the calls.

The automatic stay goes into effect immediately upon the filing of a bankruptcy case and prohibits all entities from "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case . . . ."  11 U.S.C. § 362(a)(6).  The Code provides that any individual injured by a willful violation of the automatic stay is entitled to recover actual damages, including costs and attorney's fees, and may recover punitive damages.  11 U.S.C. § 362 (k)(1).

Based on the undisputed record, Underhill d/b/a AHL filed the Wake County District Court action with knowledge of the debtor's bankruptcy and in clear violation of federal law.  Despite his misapprehension of the law, Underhill's knowledge of the bankruptcy combined with his unwillingness to communicate with the debtor's counsel and refusal to withdraw the complaint constitute a willful and continuous violation of the automatic stay.  Accordingly, the debtor's motion for sanction is allowed.  Underhill d/b/a AHL Investment Properties is hereby

---

[1] The suit was dismissed on March 10, 2010.

directed to pay sanctions to the debtor in the amount of $5,000.00, and $1,500 in attorney's fees to The Law Offices of Dye & Weatherly PLLC.

**"END OF DOCUMENT"**